## Albert Bettis v. The State.

### No. 3170.   Decided March 8, 1905.

**1.—Whitecapping—Indictment.**

Where the name used in the alleged posted anonymous notice was different from the names of the persons alleged to have been threatened, and in fact probably referred to certain negroes who rented lands from them or either of them, the notice on its face referring to a class as "Nigs" and not to the persons alleged to have been threatened and who owned the premises upon which the notice was posted; and there was no averment showing that these parties, or either of them came within the class mentioned in the notice or that the person or persons posting said notice intended to interfere or frighten away the alleged threatened persons, or to prevent them from doing anything they saw proper in or about their premises, or interfere with the rights of these negroes to take employment from the persons alleged to have been threatened, the indictment was bad under the whitecapping statute.

**2.—Same—Circumstantial Evidence—Fact Case.**

Where the evidence on a trial for the offense of whitecapping did not show that appellant posted the alleged anonymous written threat, or identified it as his handwriting, and the main facts relied upon for conviction were some adverse expressions said to have been made by defendant about the persons alleged to have been threatened, and a certain paper containing said notice which was not shown as coming out of a certain book introduced in evidence; thus basing the conviction on circumstantial evidence, which simply amounted to a slight suspicion and did not show guilt to the exclusion of every reasonable hypothesis of innocence, the conviction can not be sustained.

Appeal from the District Court of McLennan.   Tried below before Hon. Sam R. Scott.

Appeal from a conviction of whitecapping; penalty, two years confinement in the penitentiary.

The opinion states the case.

*J. T. Sluder,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—Dunn v. State, 43 Texas Crim. Rep., 25.

DAVIDSON, Presiding Judge.—Appellant was indicted for what is commonly called, "whitecapping," convicted, and given two years in the penitentiary. The statute provides: "Any person who shall post any anonymous notice, or make any threats or signs, or skull and cross-bones, or shall by any other method post any character or style of notice or threats to do personal violence or injury to property in or near the premises of another, or who shall cause the same to be sent with the intention of interfering in any way with the right of such person to occupy said premises or to follow any legitimate occupation, calling or profession, or with the intention of causing such person to abandon such premises, or precincts, or county, in which such person may reside, shall be deemed guilty of the offense of whitecapping." Motion in arrest of judgment was made, because neither count in the indictment sufficiently charged

an offense under this statute. The first count charged appellant with unlawfully and wilfully posting an anonymous notice and threat to do personal violence on or near the premises of another, to wit: premises then and there occupied by M. A. Dickey, said notice and threat to do personal violence then and there posted being of the tenor following: "Mr. Nigs you had better not let the sun rise and set on you in here you know we have gave you fair warning and you God dam son of a bitch you had better get out it is hell dam you." The second count charges him with posting said notice and threat, on or near the premises of another, to wit: premises then and there occupied by M. A. Dickey which is charged was posted then and there for the purpose of causing the said A. Dickey to abandon said premises. The third count charges him with wilfully, etc., posting the same anonymous letter with threat to do violence on or near the premises of another, to wit: the premises then and there owned by L. C. Penry, with the intent to interfere with the right of said Penry to occupy said premises; that is, with the intent of interfering with the right of Penry to permit members of the negro race to remain on or near said premises, and for the purpose of interfering with the right of said Penry to employ negroes to live on said premises.

Various reasons are assigned why these different counts in the indictment are insufficient. It will be observed that the notice did not refer to Penry or Dickey, but to "Mr. Nigs." There are no averments in the indictment showing that either of these parties come within the class mentioned; nor is the averment sufficient to show that they intended to interfere or frighten away either Dickey or Penry, or to prevent them from doing anything they saw proper in or about the premises. It was directed to "Mr. Nigs," and not to either of the other parties. The allegation, to have been sufficient, should have charged an offense in interfering with the employment or the right of these negroes, if they were the people intended to be reached by this notice, in the exercise of whatever legal right they had to work on the premises of these parties, Dickey or Penry. In other words, the notice was intended to frighten or interfere with the negroes, and not with Dickey or Penry. We do not believe the indictment is sufficient.

It is contended that the evidence does not support the conviction. While there are some few suspicious circumstances of a weak character, yet they are not of sufficient cogency to authorize the incarceration of appellant in the penitentiary. No witness testified to the fact that appellant posted the notice; no one identified it as his handwriting. The main facts relied upon were some expression said to have been used by appellant adverse to negroes coming in that neighborhood and working. There is also some evidence introduced in regard to a book; but the paper upon which the notices were written is not shown to have come from this book. This being a case of circumstantial evidence, the testimony must be of sufficient cogency to exclude every reasonable hypothesis, except that of appellant's guilt. This testimony does not meet these

requirements of the law. Suspicion or slight circumstances are not enough. The testimony must show guilt to the exclusion of every reasonable hypothesis of innocence.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

Henderson, Judge, absent.